# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DVP, LP<br><br>Plaintiff,<br><br>v.<br><br>DARNELL CHAMP,<br><br>Defendant. | No. 1:15-cv-00454-LJO-GSA<br><br>**ORDER REMANDING ACTION TO TULARE COUNTY SUPERIOR COURT**<br><br>(Doc. 1) |

## INTRODUCTION

Pro se defendant Darnell Champ ("Defendant") removed this case from the Superior Court of Tulare County on March 24, 2015, asserting that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Doc. 1 at 2. Defendant contends that he was served by the plaintiff, DVP, LP ("Plaintiff"), with a notice which "expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201," and that removal of the action is thus warranted pursuant to 28 U.S.C. § 1441. *Id.*

## DISCUSSION

**A. The Court Must Address Subject Matter Jurisdiction *Sua Sponte***

A district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raise[ ] the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, must be "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). As a result, any ambiguities should be resolved "in favor of remand

to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A defendant "bears the burden of establishing that removal is proper." *Marinduque*, 582 F.3d at 1087. Any defects in the Court's subject matter jurisdiction require remand; the duty to remand under 28 U.S.C. § 1447(c) is "mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

### B. Defendant Fails to Demonstrate that Subject Matter Jurisdiction Exists

Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000), quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999). It is not enough to "show that a federal question lurks somewhere inside the parties' controversy." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). Rather, courts must determine federal jurisdiction based solely on what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014.

The record indicates that Defendant is named in a state court complaint ("the Complaint") seeking unlawful detainer relief solely on the basis of California law. Doc. 1 at 9-11; *also see Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. 2011) ("Unlawful detainer actions are strictly the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at * 2 (C.D. Cal. 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). The Complaint contains no reference, express or otherwise, to any federal statute, regulation, or other federal law. Doc. 1 at 9-11. Defendant cannot create federal jurisdiction through the mere invocation of a federal statute in his notice of removal. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue").

Defendant asserts that Plaintiff's claim is "based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,'" 12 U.S.C. § 5201 (the "Act"). Doc.

1 at 2. Defendant further states that the provisions of the Act provide a defense against the claim alleged in the Complaint. Doc. 1 at 3.  However, as explained above, the face of the Complaint is devoid of any reference to this statute, and the possibility that a federal statute may form a portion of a defense to a claim does not confer federal jurisdiction. *Caterpillar*, 482 U.S. at 393. Even if Defendant received a notice before the Complaint was filed that briefly referenced the Act, the Act does not form the basis of the Complaint.[1] The Act thus cannot be used to establish federal jurisdiction merely because Defendant believes he will be able to assert a defense to the Complaint based on its provisions. *Id.* Accordingly, this case is remanded to the Tulare County Superior Court.

**C. Rule 11 Sanctions**

The Court notes that this is the third time that Defendant has removed this same case from Tulare County Superior Court to this Court. Indeed, Defendant initiated the instant removal proceedings despite the issuance of two prior remand orders clarifying that this Court does not have jurisdiction over this unlawful detainer action. *See* Doc. 11, *DVP, LP v. Champ*, Case No. 1:14-cv-01476---MJS and Doc, 10, *DVP, LP v. Champ*, Case No. 1:15-cv-00074-LJO-SKO. Defendant is hereby advised that this Court will *sua sponte* initiate proceedings to impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure in the event of any further attempts to remove this case here.  *See* Fed. R. Civ. P. 11(c)(3). Rule 11 provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Defendant has ample notice that this Court lacks subject matter jurisdiction over this unlawful detainer action. Therefore any subsequent attempt to remove this case to this Court would constitute a violation of Rule 11. Defendant is further advised that upon a finding that he has violated Rule 11, the

---

[1] Notably, other federal courts have held that the Act merely "provides directives to state courts," rather than creates any special federal right of action. *Deutsche Bank*, 2011 U.S. Dist. LEXIS 83854, at *1 n.3.

Court may impose any sanction authorized by Rule 11(c)(4), including an order requiring Defendant to pay a monetary penalty or part or all of Plaintiff DVP, LP's reasonable attorney's fees and other expenses directly resulting from the violation.

## **CONCLUSION AND ORDER**

Defendant's papers fail to establish this Court's subject matter jurisdiction to support removal of the unlawful detainer action. As such, this Court:

1. REMANDS to the Superior Court of Tulare County, pursuant to 28 U.S.C. § 1447(c), this and any other unlawful detainer action which Defendant attempts to remove to this Court; and

2. DIRECTS the clerk to take necessary action to remand this unlawful detainer action to the Superior Court of Tulare County.

IT IS SO ORDERED.

Dated:  **April 13, 2015**           /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE